600 So.2d 908 (1992)
Maureen Bowen CORLEY
v.
Mark Shane CORLEY.
No. 91-CA-2080.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1992.
Wayne M. Babovich, Bradley J. Chauvin, New Orleans, for plaintiff/appellee.
Edward J. Rivera, Sessions & Fishman, New Orleans, for defendant/appellant.
Before BARRY, BYRNES and JONES, JJ.
BARRY, Judge.
This matter involves opposing rules to increase and decrease child support payments on behalf of two minor children. The primary issue is whether a child's federal benefits negate the support obligation of his parent.

BACKGROUND
On June 19, 1989 Maureen and Mark Corley obtained a legal separation based on mutual fault. They agreed to joint custody of four year old Matthew and twelve year old Damian. Mrs. Corley has physical custody *909 subject to reasonable visitation. Damian, Mrs. Corley's child, was adopted by Mr. Corley. Mr. Corley agreed to pay $10 per week child support while he was on strike, and a hearing would be held de novo after Mr. Corley resumed employment.
On June 29, 1989 Mrs. Corley filed a rule to increase child support and a consent judgment resulted.[1] Mr. Corley agreed to pay $500 per month on behalf of Matthew. No support was set for Damian because he received veterans administration and social security benefits of $838 per month due to his father's death. The parties agreed that child support would be determined de novo in January, 1990. On February 6, 1990 Mr. Corley obtained a divorce by default and the custody and support orders remained in effect. Community property was partitioned on March 7, 1990.
On March 11, 1991 Mr. Corley filed a rule to decrease child support and to set the matter de novo. On May 9, 1991 Mrs. Corley filed a rule to increase child support. The court combined the parents' gross monthly income at $4,457 and used statutory guidelines to determine the basic support amount. The court added $207.40 per month for the two boys' tuition at Lake Castle School, $28.75 per month for Damian's registration at Brother Martin High, $99 per month for before and after school child care and summer camp for the boys, and $69 per month for Damian's braces. On June 10, 1991 the court ordered Mr. Corley to pay $765 per month for both children.
Mr. Corley specifies six errors:
1. that the veterans administration and social security benefits are income of the claimant spouse;
2. failure to consider the federal benefits a deduction from the basic child support obligation;
3. failure to consider the time spent with the nondomiciliary parent to reduce the amount of support;
4. failure to deduct the value of the federal income tax credit for child care from the net child care costs;
5. including the cost to attend private school and summer camp; and
6. failure to consider the spouse's ability to pay.
Mr. Corley filed a motion to supplement the record with exhibits introduced at trial but which were lost prior to lodging the record. No objection was expressed. We grant that motion.
Mr. Corley moved to strike Mrs. Corley's two exhibits but withdrew the motion during argument. Mr. Corley's second motion to supplement with a hearing transcript (subsequent to this appeal) is denied.

PRIVATE SCHOOL

Assignment No. 5
This argument concerns tuition for a private school and summer camp for the boys.
La.R.S. 9:315.6(1) provides:
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child.
Mrs. Corley stated that the boys went to Lake Castle because she and Mr. Corley "chose for them to go to" that school. The boys had gone to private school for years and the continuation of their education is in their best interests.
The trial court did not abuse its discretion by including this expense.

BENEFITS TO DAMIAN

Assignments Nos. 1 and 2
Mr. Corley argues that the veteran's administration and social security benefits paid to Damian should not be considered (added) a part of Mrs. Corley's gross income. He claims those benefits are paid for Damian's sole benefit and are *910 sufficient to relieve him of any support obligation. We agree.
Damian receives $299 monthly from the veterans administration and $539 monthly in social security benefits. The payments began in June, 1983 after his natural father died. The benefits increase 4% yearly.
The guidelines of La.R.S. 9:315 et seq. are used in any proceeding to modify child support filed on or after October 1, 1989. La.R.S. 9:315.1; Carter v. Carter, 591 So.2d 1313 (La.App. 2d Cir.1991). There is a rebuttable presumption that the amount set forth in the guidelines is proper; however, the court may deviate if the guidelines are not in the best interest of the child or are inequitable to the parties. La.R.S. 9:315.1 A and B.
Although the trial court is vested with discretion, the guidelines set parameters which restrict the court's discretion. Ellzey v. Ellzey, 594 So.2d 1135 (La.App. 3rd Cir.1992).
The guidelines combine the adjusted monthly gross income of both parents. Adjusted gross income is defined as the "gross income, minus amounts for preexisting child support or spousal support obligations paid to another who is not a party to the proceedings, or on behalf of the child who is not the subject of the action of the court." La.R.S. 9:315(1). The definition of gross income includes "income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends,... social security benefits, worker's compensation benefits, unemployment insurance benefits, disability insurance benefits...." La.R.S. 9:315(4)(a). The parents' adjusted gross incomes are combined and matched with the number of children to receive support. The percentage of each parent's obligation is determined and the amount owed by each parent is calculated. La.R.S. 9:315.2.
According to La.R.S. 9:315.7, a child's income may be considered to reduce the support obligation. The total support obligation is determined by adding the basic support amount from the schedule to the net child care costs, La.R.S. 9:315.3, the cost of health insurance premiums, La.R.S. 9:315.4, extraordinary medical expenses, La.R.S. 9:315.5, and other extraordinary expenses such as attending a special or private school or special transportation expenses, as agreed upon by the parties or ordered by the court, La.R.S. 9:315.6. A reduction due to a child's income shall be subtracted from the support obligation amount. Each party's share of the total obligation is determined by multiplying his or her percentage share (of the combined adjusted gross income) by the total support obligation which the court determines by using the schedule in La.R.S. 9:315.14 and appropriate additions pursuant to La.R.S. 9:315.2-9:315.6.
The definitions of adjusted gross income and gross income do not specify that the federal benefits paid to Damian should be added to Mrs. Corley's gross income to determine her adjusted gross income. According to the trial court, Mrs. Corley's monthly gross income was $1,161 plus Damian's income of $838. Mr. Corley's monthly gross income was $2,375 plus $83 in monthly interest for a total of $2,458. It was error to add Damian's $838 to Mrs. Corley's income.
Mrs. Corley's wages of $1,161 should have been added to Mr. Corley's income of $2,458 for a total of $3,619 adjusted gross income.
The guidelines set the amount of support for the two children at $833. To that amount the trial court correctly added: $207.40 per month for private school tuition for both boys, $28.75 for Damian's fee at Brother Martin High, $99 per month after school care and summer camp for both children, and $69 per month for Damian's orthodontic expenses, a total of $1,237.15.
Mr. Corley's income was 68% of the monthly income of both parents and that percentage of $1,237 is $828.89.
It is clear from La.R.S. 9:315.7 that a child's income can reduce or eliminate support. Damian's personal income of $838 clearly exceeds the guidelines and Mr. Corley has no support obligation for Damian.
Based on the Corleys' income, La.R.S. 9:315.14 sets $535 as support for one child.
*911 Matthew is entitled to $535, plus $103.70 for school tuition, $49.50 for before and after school care and summer camp, a total of $688.20. Mr. Corley owes 68% of that total or $467.98 per month. The judgment is amended to reduce Mr. Corley's child support for Matthew to $467.98.

REDUCTION OF CHILD SUPPORT

Assignment No. 3
Mr. Corley argues that the sixty days a year the children spend with him should reduce his support obligation.
La.R.S. 9:315.8 E provides:
In cases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time. The court shall include in such consideration the continuing expenses of the domiciliary party.
The boys alternated weekends with their father. Mrs. Corley's expenses as the domiciliary parent were constant.
The trial court complied with La.R.S. 9:315.8 E.

CREDIT FOR CHILD CARE

Assignment No. 4
Mr. Corley argues that the federal tax credit for child care should be deducted from the total costs. Mr. Corley correctly asserts that the term "net child care" costs is defined as "the reasonable costs of the child care incurred by a party due to employment or job search, minus the value of the federal income tax credit for child care." La.R.S. 9:315(7).
However, the transcript does not mention the federal tax credit. Mrs. Corley's tax return was not introduced into evidence. Under those circumstances the court could not consider the value of the credit.

ABILITY TO PAY

Assignment No. 6
Mr. Corley argues that the trial court judgment is inequitable because he cannot afford the adjudged child support.
Mr. Corley's obligation has been reduced.

CONCLUSION
Damian Corley's monthly expenses are covered by his federal benefits. That part of the judgment which awards child support to Damian is reversed. The amount of child support to be paid by Mr. Corley on behalf of Matthew Corley is set at $467.98 per month.
REVERSED IN PART; AFFIRMED AS AMENDED.
NOTES
[1] The rule was heard September 27, 1989 but the judgment was not signed until May 1, 1991. The judgment stated it was effective nunc pro tunc October 1, 1989.