611 So.2d 815 (1992)
Stephen Joel DEMPSEY, Plaintiff-Appellant,
v.
Debbie Agnes STEVENS, Defendant-Appellee.
No. 91-926.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1992.
*816 Kim P. Stansbury, Morgan City, for plaintiff-appellant.
Gordie R. White, New Iberia, for defendant-appellee.
Before DOUCET and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
KNOLL, Judge.
Stephen J. Dempsey (Stephen) appeals the trial court's judgment which ordered him to pay a proportionate share of the expenses of his daughter's private school education in addition to his basic child support obligation.
Stephen contends on appeal that the trial court erred: (1) in adding tuition for private religious elementary school to his basic child support obligation without an evidentiary basis to establish the child's particular educational needs and that the school in question meets the child's needs; and, (2) in failing to give reasons that justified deviation from the guidelines. We affirm.

FACTS
On April 19, 1985, Stephen Dempsey and Debbie Stevens (Debbie) divorced. At that time, the trial court awarded the parties joint custody of their daughter, Jessica, who was then nine years of age. In January of 1991, Stephen filed a motion to amend the existing joint custody plan regarding certain visitation and transportation aspects of the plan. On January 22, 1991, Debbie filed a rule for an increase in child support. In advance of trial, the parties stipulated that the monthly basic child support obligation was $743. They further stipulated that Debbie's proportionate share was 53% and Stephen's share was 47%, or $349.21. Additionally, the parties stipulated that Jessica's monthly school tuition, prorated over twelve months, was $279.

PRIVATE SCHOOL TUITION
Stephen contends that the trial court abused its discretion in ordering him to pay 47% of Jessica's monthly tuition expense to attend a private elementary school. Stephen argues that by adding school expenses to his child support obligation, the trial court deviated from the guidelines without presenting an evidentiary basis for the deviation. Debbie, on the other hand, argues that consideration of the school expenses was an application of the guidelines, not a deviation. Because Stephen's assignments of error are so closely related, we will discuss both under this heading.
*817 The child support guidelines contained in LSA-R.S. 9:315, et seq. apply to the present case. LSA-R.S. 9:315.1(A) creates a rebuttable presumption that the amount calculated pursuant to the guidelines is the proper amount of child support that a trial court should award. Subsection (B) provides that the trial court may deviate from the guidelines if their application would not be in the best interest of the child or would be inequitable to the parties. If the trial court deviates from the guidelines, it must give oral or written reasons for the deviation which shall be made part of the record.
In the determination of child support, the trial court is vested with some discretion, and an appellate court may not disturb a trial court's decision absent an abuse of discretion. Corley v. Corley, 600 So.2d 908 (La.App. 4th Cir.1992).
LSA-R.S. 9:315.6(1), the provision addressing an extraordinary expense, provides:
"By agreement of the parties or order of the court, the following ... [expense] incurred on behalf of the child may be added to the basic child support obligation:
(1) Any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child."
We find that the trial court has the discretionary authority to consider private school expenses when computing the total child support obligation. Corley, supra. As such, we do not find that the trial court "deviates" from the guidelines when it adds private school expenses to the basic child support obligation. As concisely stated by the Second Circuit when faced with the issue of whether health insurance premiums could be added to the basic child support obligation, "This is not a `deviation' from the guidelines under LSA-R.S. 9:315.1C, but rather, part of the calculation of the total child support obligation mandated by LSA-R.S. 9:315.8." Timmons v. Timmons, 605 So.2d 1162 (La.App. 2nd Cir. 1992). Likewise, we find that the inclusion of private school expenses is part of the calculation of the total child support obligation. Accordingly, we find Stephen's reliance on Montgomery v. Waller, 571 So.2d 765 (La.App. 2nd Cir.1990) and Crockett v. Crockett, 575 So.2d 942 (La.App. 2nd Cir. 1991), misplaced. Albeit these cases hold that the trial court cannot deviate from the child support guidelines without stating its reasons, we have determined that the inclusion of private school expenses does not constitute a deviation from the guidelines.
Nevertheless, we hasten to comment that since the inclusion of private school expenses is discretionary, an appellate court can more easily follow the trial court's reasoning if the trial court has clearly stated its reasons for the record. See Fancett v. Fancett, 590 So.2d 1250 (La.App. 1st Cir.1991). In the present case, the trial court elaborated on its finding in its written reasons, stating:
"Their child started kindergarten at this Epiphany Day School and has continued there to this day. She has not been to any other school. She is a straight `A' student, doing very well in her studies. The Epiphany School has a lower teacher to student ratio than the public schools in Louisiana. Mr. Dempsey [Stephen] previously had shown little interest in the method of the child's education and only brings this up at this time, while Mrs. Stevens [Debbie] has followed through on the child's education and visits the Epiphany School every other week to see how the child is doing.
There is no question in the Court's mind that this child should continue at the Epiphany Day School. The problem is whether the statute which gives this Court discretion precludes considering the tuition in addition to the basic child support obligations. His lawyer argues that going to a private school does not meet any `particular educational needs of the child.' If this is so, then there would be no circumstances where the Court could consider sending a child to a religious school, private school, or any other school but a publicly funded school. This Court does not feel that this was the intention of the legislature and if it had *818 been they could have said so, and the use of the word `may' indicates that this is discretionary with the Judge."
Debbie testified that she was deeply involved in the Jessica's education, and that she drove 40 miles daily to bring her to school. She testified that Epiphany Day School is an excellent school, and that Jessica is a straight "A" student on the Headmistress' list.
Stephen testified that he did not want his daughter to attend a private school because he thought Epiphany Day School was elitist and did not expose Jessica to average people. He stated that he could not afford to send Jessica to a private school. He also admitted that he had not been involved in Jessica's education.
After carefully reviewing the record, we find that the trial court did not abuse its discretion in ordering Stephen to pay a pro rata share of Jessica's private school tuition in addition to his basic child support obligation. It cannot be denied that Jessica's successful continuation of her education in a proven academic environment is in her best interest. Corley, supra.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to Stephen J. Dempsey.
AFFIRMED.
NOTES
[*] Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.