637 So.2d 531 (1993)
Francis J. BERTRAND, Jr.
v.
Debra C. BERTRAND.
No. CA 92 1425.
Court of Appeal of Louisiana, First Circuit.
September 27, 1993.
*532 Floyd J. Falcon, Jr., Baton Rouge, for plaintiff-appellant Francis J. Bertrand, Jr.
James J. Zito, Baton Rouge, for defendant-appellee Debra C. Bertrand.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
EDWARDS, Judge.
This is an appeal by the plaintiff, Francis J. Bertrand (Mr. Bertrand), of a judgment which ordered him to pay child support, in the amount of $923.02 per month, as well as 76% of the health and dental insurance and private school tuition for the couple's two children, 76% of all nonreimbursable medical expenses of the children and permanent alimony, in the amount of $350 per month, to his ex-wife, Debra C. Bertrand (Mrs. Bertrand). The judgment also ordered Mr. Bertrand to pay certain community debts. The judgment further found Mr. Bertrand to be in arrears on the payment of child support in the amount of $3,050, which amount was made executory. Mr. Bertrand was also found in contempt of court on the arrearages. The arrearages have not been appealed and that portion of the judgment is final.

Background Litigation
Plaintiff and defendant were married on September 7, 1973. In May, 1990, Mr. Bertrand filed a petition for separation, seeking a judgment of separation based on mutuality of fault and alleging that he and Mrs. Bertrand had been judicially separated by a judgment dated January 15, 1988; that they had reconciled subsequent to that judgment, from September, 1989 until January 1, 1990, and had been living separate and apart since January 1, 1990. Mrs. Bertrand answered the petition and filed a reconventional demand seeking a judgment of separation based on alleged acts of mental cruelty and also seeking use of the family home as well as child support and alimony from Mr. Bertrand. By way of a judgment rendered on June 26, 1990, Mrs. Bertrand was granted use of the family home, and Mr. Bertrand was ordered to pay the following items: (1) alimony pendente lite in the amount of $500 per month; (2) health and dental insurance policies on Mrs. Bertrand and the two minor children, as well as any medical and/or dental expenses incurred by Mrs. Bertrand or the children not covered by insurance; (3) the household mortgage note; (4) the car note for the Ford Bronco being driven by Mrs. Bertrand; (5) the school tuition at private school for the two minor children; (6) the school registration fee and the monthly lunch fee at the private school for the two minor children; (7) automobile insurance on the Ford Bronco being driven by Mrs. Bertrand; and (8) all monthly payments on the community obligations owed to Sears, Mastercard, Goudchaux's and J.C. Penney's. The judgment further provided that Mr. Bertrand would be allowed to claim the two minor children as dependents for income tax purposes and reserved the rights of either party to seek a change in the amount of support without the necessity of showing a change in circumstances.
On September 18, 1990, Mr. Bertrand filed a rule to decrease support payments. On October 23, 1990, Mrs. Bertrand filed a rule *533 for arrearages, contempt and attorney's fees. On December 27, 1990 a judgment was signed granting Mrs. Bertrand a separation "a mensa et thoro" based on the mental cruelty of Mr. Bertrand. This judgment further granted both parties joint custody of the two minor children, named Mrs. Bertrand as the domiciliary parent and outlined Mr. Bertrand's visitation rights. This judgment also ordered Mr. Bertrand to pay Mrs. Bertrand $1,300, which amount represented the "arrearages on child support and alimony," and continued "in its entirety" the support provisions set forth in the June 26, 1990 judgment. (The rule for contempt and attorney's fees was waived by Mrs. Bertrand.)
On April 11, 1991, Mr. Bertrand filed another rule to decrease and/or terminate support payments. On April 25, 1991, Mrs. Bertrand filed a rule for arrearages and contempt of court and for permanent alimony. On January 21, 1992, the judgment from which this appeal was taken was rendered. This judgment, based on the child support guidelines, ordered Mr. Bertrand to pay $932.02 per month in child support for the two minor children. This judgment further ordered Mr. Bertrand to continue to maintain policies of medical and dental insurance on the two minor children and ordered Mrs. Bertrand to reimburse Mr. Bertrand 23% of the amount of the premium. The judgment further ordered Mr. Bertrand to pay 76% and Mrs. Bertrand to pay 23% of all nonreimbursed medical expenses for the two children. The judgment ordered the two children to remain in private school, with Mr. Bertrand responsible for 76% and Mrs. Bertrand responsible for 23% of the tuition.[1] The judgment ordered Mr. Bertrand to continue to pay "those obligations listed on his Exhibit FB-5 under "E"Fixed Debts." Finally, this judgment ordered Mr. Bertrand to pay Mrs. Bertrand $350 per month for permanent alimony.

Base Child Support Obligation
The trial court applied LSA-R.S. 9:315.2 and 9:315.14 in calculating the base child support obligation. Mr. Bertrand's monthly gross income of $4,470.17, together with Mrs. Bertrand's monthly gross income of $1,406.50, yielded a base obligation of $1,214.50. The trial court further found Mr. Bertrand to be responsible for 76% of this obligation, and Mrs. Bertrand to be responsible for 23%, and ordered the payment of this support retroactive to the date of filing of the rule. Mr. Bertrand concedes that the trial court correctly applied the statute and correctly calculated his portion of the base child support obligation at $932.02; however, he assigns error to the portion of the support judgment which ordered him to additionally pay private school tuition.

Private School Tuition
LSA-R.S. 9:315.6 provides for other expenses which may be in addition to the basic support obligation as follows:
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic support obligation:
(1) Any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child.
. . . .
Mr. Bertrand contends that the trial court erred in ordering him to pay 76% of the tuition for the children's attendance at St. Alphonsus private school, absent a showing that "the particular educational needs of these children require that they attend this private school."
Louisiana's guidelines for determination of child support, LSA-R.S. 9:315 through 315.15, were enacted by La.Acts 1989, 2nd Ex.Sess., No. 9 § 1, with an effective date of October 1, 1989. The jurisprudence interpreting R.S. 9:315.6 is limited to three published cases. In Corley v. Corley, 600 So.2d 908 (La.App. 4th Cir.), the fourth circuit affirmed a lower court's order which added $207.40 per month to the father's base support obligation for his two boys to attend a private school. The fourth circuit noted that the evidence included testimony from *534 the mother that "she and Mr. Corley `chose for them to go' to that school," and concluded that since the boys had gone to private school for years, the "continuation of their education is in their best interest." 600 So.2d at 909. Finding no abuse of the trial court's discretion, the fourth circuit affirmed the additional expense for private school tuition. The third circuit has addressed the issue twice. In Dempsey v. Stevens, 611 So.2d 815 (La.App. 3rd Cir.1992), the court began its analysis by noting that "the trial court has the discretionary authority to consider private school expenses when computing the total child support obligation." The court then reviewed the evidence presented and concluded that the trial court did not abuse its discretion in ordering the father to pay a pro rata share of private school tuition since the evidence proved that the child's "successful continuation of her education in a proven academic environment is in her best interest." 611 So.2d at 818. Finally, in Guillory v. Ventre, 610 So.2d 1056 (La.App. 3rd Cir.1992), writ denied, 613 So.2d 992 (La.1993), the third circuit again affirmed the lower court's judgment finding no abuse of discretion; however, in this case the lower court's ruling excluded the child's tuition at a private school from the father's monthly child support obligation. The third circuit noted that the mother failed to present any evidence to show that the private school the child attended "could satisfy any particular educational needs better than another school." 610 So.2d at 1060.
Therefore, in the absence of an agreement by the parties, in order to warrant the inclusion of private school tuition expenses in a child support award, some evidence must be presented to show a particular educational need of the child which is met by attendance at a private school. Further, the trial court's judgment will not be disturbed absent manifest error.
In the instant case the following evidence was presented regarding the Bertrand children's attendance at St. Alphonsus School. Mr. Bertrand testified that he chose for the children to attend the private school and he desired the children to continue in that same school; we note that Mr. Bertrand's testimony appears to be in conflict with his unwillingness to make child support payments. Mrs. Bertrand testified that it was also her decision to place the children in private school and she desired that they continue in the same school. Mrs. Bertrand further testified that one of the two children has a reading disability and requires special tutoring in two subjects, which tutoring was being provided by the private school. The record evidences that the children had been attending the private school for some time. Based on this evidence, we cannot say that the trial court abused its discretion in ordering Mr. Bertrand to pay a pro rata share of the private school tuition for his children. Accordingly, this portion of the judgment is affirmed.

Community Debts and Permanent Alimony
In addition to the child support and school tuition, the trial court ordered Mr. Bertrand to continue to pay "those obligations listed on his Exhibit FB-5 under "E"Fixed Debts." The evidence reflects that these debts include a monthly note on the Ford Bronco being driven by Mrs. Bertrand, in the amount of approximately $325, and a monthly note on a loan owed to Dow Chemical,[2] as well as monthly payments on other community debts, namely Mastercard, Goudchaux's and Sears. The trial court additionally ordered Mr. Bertrand to pay $350 per month for permanent alimony. Mr. Bertrand assigns error to each of these rulings.

Community Debts
Mr. Bertrand argues that the portion of the judgment ordering him to pay certain community debts, namely the note on the Ford Bronco, and the monthly obligations to Mastercard, Goudchaux's and Sears, is actually an additional award of child support which he claims is not warranted by the evidence. The payment of community debts is within the discretionary authority of the *535 trial court, and we may not disturb any decisions relating to these payments in the absence of an abuse of discretion by the trial court.
We disagree with Mr. Bertrand that this portion of the judgment is actually a support award. In fact, pursuant to LSA-C.C. art. 2365, Mr. Bertrand is entitled reimbursement for one-half of all payments made by him, with his separate property, to satisfy these community debts. The trial court obviously found that Mr. Bertrand was more capable, financially, to make these monthly payments on these community obligations. After our review of the evidence, we find no abuse of discretion.

Permanent Alimony
Mr. Bertrand contends that the trial court erred in ordering him to pay Mrs. Bertrand $350 per month for permanent alimony. We disagree. Our review of the record reveals that Mrs. Bertrand's income and means for support as well as her financial obligations after the final judgment have been misrepresented by the appellant. Mrs. Bertrand is now responsible for making the following payments, which had been Mr. Bertrand's obligations prior to the final judgment: the mortgage note on the house; 23% of the children's insurance, both medical and dental, as well as 23% of any unreimbursed medical expenses incurred by the children; payment of her own medical insurance and nonreimbursed medical expenses; automobile insurance for the Ford Bronco; 23% of the tuition for the two children as well as other school expenses, including school lunches, uniforms and supplies, registration fees and building fund; and child care. Although Mr. Bertrand has now been ordered to pay child support in the amount of $923.02, the evidence supports the trial court's finding that Mrs. Bertrand still has insufficient means for support, which includes all of the above expenses together with food, household expenses, clothes, gas, utilities, etc. The evidence reflects that Mrs. Bertrand earns $6.25 per hour and works approximately 38 hours per week; and that Mr. Bertrand's gross monthly income is approximately $4,500. Based on this evidence, we cannot say that the trial court erred in finding that an award of $350 per month for permanent alimony is warranted pursuant to LSA-C.C. art. 112.
For the foregoing reasons, the trial court's judgment is affirmed. Appellant, Mr. Bertrand, is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] We are aware that the total of these percentages is only 99%; however, the parties have not assigned error to this.
[2] The total amount owed on this loan is approximately $3400. The record does not indicate what the monthly payment is.