654 So.2d 398 (1995)
Kenneth J. TRAHAN, Plaintiff-Appellee,
v.
Bambi G. PANAGIOTIS, Defendant-Appellant.
No. 94-1281.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1995.
Rehearing Denied June 7, 1995.
*399 Michael Voorhies Matt, Eunice, for Kenneth J. Trahan.
Anthony Fazzio, Richard J. Hymel, Lafayette, for Bambi G. Panagiotis.
Before DOUCET, Chief Judge, and LABORDE and KNOLL, JJ.
LABORDE, Judge.
In this child support case, defendant mother appeals a trial court ruling reducing the father's monthly child support obligation. We reverse the finding that Lilly Trahan's private school expenses should not be included in the child support obligation, but affirm the trial court's decision in all other respects.

FACTS
Plaintiff, Kenneth Trahan, and defendant, Bambi Panagiotis, are former spouses. Two children were born during their marriage, Joshua and Lilly Trahan.
On May 24, 1991, the parties entered into a Consent Judgment, in which Trahan agreed to pay monthly child support of $550.00, $275.00 for each child. Further, he also agreed to pay $92.00 for lunch fees for both children for the second and third quarters of the 1990-1991 school year. At the time of the consent judgment, Trahan was earning a gross monthly salary of $2,100, and Panagiotis was earning a gross monthly salary of approximately $1,800.
On October 8, 1993, Trahan filed a rule to decrease child support, requesting a reduction in his monthly obligation because he was no longer employed due to a work-related accident and was receiving worker's compensation benefits.
After her divorce from Trahan, Ms. Panagiotis married Mr. Dan Panagiotis, a Lafayette attorney. Defendant and her new husband had a daughter, who was approximately 18 months old at the time of the hearing. Panagiotis left her job after her daughter's birth to stay at home with the baby.
At the hearing on March 28, 1994, Trahan introduced an affidavit establishing his monthly income, consisting only of worker's compensation benefits of $1228.00. Panagiotis did not have any monthly income at the time of the hearing.
Panagiotis also presented evidence on the medical expenses she had incurred on behalf of the two children which were not covered by insurance. Panagiotis submitted medical bills totalling $2,438.26 for Joshua and $858.77 for Lilly. However, at trial, Panagiotis testified that she did not submit any of these medical bills to her ex-husband's insurance company because they had informed her that she could not be reimbursed directly; any reimbursements issued would be payable only to Mr. Trahan. Trahan testified that as far as he knew, his children were covered under his medical insurance and that he had no knowledge of any claims made by his ex-wife on behalf of the children which had been denied. Additionally, Panagiotis made a claim for the cost of her daughter's private school. At the time of the consent judgment, Joshua was attending private school and Lilly was in daycare. At the time of the hearing, Lilly was old enough to attend school and Panagiotis had enrolled her in the same school as Joshua.
The trial court found that Panagiotis was voluntarily unemployed, and estimated that her gross monthly income would be in excess of Trahan's. Thus, the trial court reduced Trahan's monthly child support obligation to $363.00. The trial court also denied Panagiotis's claim for medical expenses and for private school expenses for Lilly.
Panagiotis appeals, alleging four assignments of error:
1. The trial court erred in failing to add extraordinary medical expenses to the basic child support obligation;
2. The trial court erred in allowing one child to have a private school education but not the other;
3. The trial court erred in considering the mother's earning potential; and
4. The trial court erred by not giving oral or written reasons for deviating from the child support guidelines.
Trahan filed an answer to the appeal, in which he requests that his child support obligation be further decreased because the trial court incorrectly added expenses for Joshua *400 to attend private school to the basic child support obligation.

LAW

Medical Expenses
Panagiotis claims that the trial court erred in failing to include the medical expenses she incurred on behalf of her children when determining Trahan's child support obligation, as "extraordinary medical expenses" as defined in La.R.S. 9:315(3) are included in the total child support obligation under La.R.S. 9:315.8. Further, defendant claims that La. R.S. 9:315.5 mandates that extraordinary medical expenses be added to the basic child support obligation.
La.R.S. 9:315(3) provides as follows:
(3) "Extraordinary medical expenses" means uninsured expenses over one hundred dollars for a single illness or condition. It includes but is not limited to reasonable and necessary costs for orthodontia, dental treatment, asthma treatment, physical therapy, uninsured chronic health problems, and professional counseling or psychiatric therapy for diagnosed mental disorders.
La.R.S. 9:315.5 provides as follows:
By agreement of the parties or order of the court, extraordinary medical expenses incurred on behalf of the child shall be added to the basic child support obligation.
At the hearing, Panagiotis stated that she did not submit any claims to her former husband's insurance company because she could not get reimbursed directly. Therefore, she claimed that these expenses were uninsured medical expenses. However, since she never submitted any of these claims to her former husband's insurer through Mr. Trahan, it is not known whether these expenses would have been covered by her former husband's insurance policy. Thus, the trial court apparently found that these expenses were not uninsured medical expenses since they had not been properly submitted and rejected by her former husband's insurer, and the parties had previously agreed that Trahan's health insurance would insure the children. A trial court's alimony or child support order will not be reversed except for abuse of discretion. Hogan v. Hogan, 549 So.2d 267, 271 (La.1989). We find no abuse of discretion in the trial court's ruling.

Private School Expenses
Panagiotis claims that the trial court erred in allowing Joshua to attend private school but not allowing Lilly to also attend private school. Defendant argues that La.R.S. 9:315.6, which allows expenses for private school to be added to the basic child support obligation, while not mandatory, does not permit discrimination between minor children. In his answer to the appeal, Trahan also objects to the award of private school expenses, alleging that the trial court erred in adding expenses to the basic child support obligation for Joshua's private school.
La.R.S. 9:315.6 provides, in pertinent part, as follows:
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child....
A child's successful continuation of his or her education in a proven academic environment is in his or her best interest. Dempsey v. Stevens, 611 So.2d 815 (La.App. 3 Cir.1992); Corley v. Corley, 600 So.2d 908 (La.App. 4 Cir.1992).
Panagiotis testified that Joshua was attending private school at the time of the divorce in 1991, and after the divorce she wanted to maintain the status quo so she again enrolled him in private school after she relocated. Lilly had been in daycare at the time of the original consent decree, costing $240 per month. Panagiotis stated that when Lilly became old enough for school, she also enrolled her in private school, costing only $215 per month. She further stated that Trahan did not object when Lilly was originally enrolled in this school.
Mr. Panagiotis testified that he consulted Trahan after Joshua left Westminster Christian Academy. He stated that Trahan was in *401 favor of Joshua attending Catholic school because Trahan did not want Joshua to attend public school. Mr. Panagiotis confirmed that Lilly has always attended private school, without any objection from Trahan. He stated that she loves the school, she receives exceptional report cards, and has friends there.
Trahan testified that Lilly was in daycare when the original consent decree was entered, and he was not subsequently consulted about where Lilly was to go to school. Trahan testified that although he was not consulted about Joshua attending a private school, Westminster Christian Academy, he did not object to this decision because he believed that Panagiotis had the child's best interest at heart. After Joshua left Westminster Christian Academy, Panagiotis enrolled him at Cathedral. Trahan confirmed that at the time Joshua was enrolled at Cathedral, he told Mr. Panagiotis that he approved of the choice because he didn't want Joshua to attend public school. However, Trahan testified that if the children lived with him, he could not afford to send the children to private school.
During the hearing the trial court judge stated as follows:
As to the private school, he never objected, so he consented. So those figures can be put in the form.
However, the trial judge later changed his mind and only allowed the expenses for Joshua's private school to be added to the child support obligation.
When the Court of Appeal decides that the trial court abused its discretion, it is required to assess the evidence anew from the record and render a judgment on the merits as if it were a trial court, rather than to remand the case for further proceedings below. Hogan, supra, at 271. In Jones v. Jones, 628 So.2d 1304 (La.App. 3 Cir.1993), the father objected to the trial court's inclusion of private school expenses in the child support obligation. At the time of trial, the older child had attended private school for three years and the younger child was attending a private pre-school. The father also admitted that he would prefer his children to attend private school if he could afford it. This court affirmed the award of expenses for the children's private school, finding no abuse of discretion in the trial court's decision that the father could in fact afford to send the children to this school. Thus, in the present case, we find that the trial court did not abuse its discretion in awarding expenses for Joshua's private school, but the trial court should also have allowed expenses for Lilly's private school as well.

Voluntary Unemployment
Panagiotis claims that the trial court erred in finding her voluntarily unemployed and thus considering her estimated gross income in determining the child support award. Defendant argues that under La.R.S. 9:315.9, a party who is caring for a child under the age of five years is not considered voluntarily unemployed. Thus the trial court erred in finding that defendant was voluntarily unemployed because defendant is caring for a child under five years who was not a product of the marriage in which the child support obligation was created.
La.R.S. 9:315.9 provides as follows:
If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. The amount of the basic child support obligation obtained by use of this Section shall not exceed that amount which the party paying support would have owed had no determination of the other party's earning income potential been made.
Under La.R.S. 9:315.9, in order for a parent to be considered "involuntarily" unemployed, that parent must be caring for a "child of the parties" who is under age five. Germany v. Germany, 599 So.2d 350 (La. App. 1 Cir.1992). Thus, since Panagiotis is caring for a child under five who is not a "child of the parties" she is voluntarily unemployed and her potential earnings must be considered when determining the amount of the monthly child support obligation.

*402 Failure to Assign Written Reasons for Judgment
In her last assigned error, Panagiotis claims that the trial court erred in failing to provide written reasons for its deviation from the child support guidelines. Defendant claims that under La.R.S. 9:315.1(B), the court is required to give specific oral or written reasons for any deviation from the guidelines.
La.R.S. 9:315.1B provides as follows:
The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
In the present case, the parties introduced Joint Exhibit A, a worksheet calculating the amount of child support owed by Trahan. Although the trial judge did not issue any written reasons for judgment, he apparently adopted the exact calculations from this worksheet. The worksheet lists Trahan's monthly income as $1228 and Panagiotis' income earning potential as $2456, the sum of her previous monthly salary and the expenses which are now paid exclusively by her new husband, such as rent and utilities. The basic child support obligation is listed as $850, an amount authorized by the schedule of basic child support obligations found in La.R.S. 9:315.14. In the transcript of the hearing, the judge approved the inclusion of $250.00 per month for Joshua's private school. Thus, the only possible deviation from the child support guidelines is the amount listed for Joshua's private school. An addition of private school expenses to the basic child support obligation is not a deviation from the guidelines, but is part of the calculation of the total child support obligation. Dempsey, supra, at 817. Thus, we find no error in the trial court's lack of written reasons for judgment concerning the addition of private school expenses in the monthly child support obligation.

DECREE
The child support award is increased to allow for the monthly private school expenses of Lilly Trahan ($215 per month), thereby increasing the monthly child support obligation from $363.00 to $437.90[1]. The judgment of the trial court is affirmed in all other respects. Costs assessed equally to defendant-appellant, Bambi G. Panagiotis, and plaintiff-appellee, Kenneth J. Trahan.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
KNOLL, J., dissents and assigns reasons.
KNOLL, Judge, dissenting in part.
Mr. Trahan contends that Mrs. Panagiotis' earning potential was properly considered because her child by Mr. Panagiotis is not a child "of the parties." To support his interpretation of LSA-R.S. 9:315.9, Mr. Trahan relies on Germany v. Germany, 599 So.2d 350 (La.App. 1st Cir.1992), the only reported case which directly addresses this issue. He also argues that had the legislature intended the statute to apply to a child born of a subsequent marriage, it could have clearly done so by omitting the phrase "of the parties."
*403 In my view, Germany's interpretation of the phrase "child of the parties" is unduly narrow and punitive. There is no rational basis for treating a parent as voluntarily unemployed if he or she is staying home to care for a child under the age of five, regardless of the marriage of which the child is born. A "child of the parties" would not apply to stepchildren, however. Thus, if Mrs. Panagiotis had stayed home to care for Mr. Panagiotis' three year old child by his first marriage, she would clearly not be caring for a "child of the parties," and she could be properly considered voluntarily unemployed.
I would decline to follow Germany and hold that a "child of the parties" is any child born to either of the former spouses, notwithstanding that the child is or is not issue of the former marriage. Accordingly, in my view, the trial court was incorrect in finding that Mrs. Panagiotis is voluntarily unemployed, and her income earning potential should not have been considered in calculating the monthly child support obligation.
For these reasons, I respectfully dissent.
NOTES
[1] In calculating this award, we used the child support worksheet submitted as Joint Exhibit A. In this exhibit, Trahan's monthly gross income was listed as $1228 and Panagiotis' estimated monthly gross income was listed as $2456, for a combined total of $3684. Thus, Trahan is responsible for 33.3% of the monthly child support award, since his monthly income equals one-third of the combined total. In determining the child support obligation, the trial court consulted the child support schedule in R.S. 9:315.14, and found that according to the parties income and the number of children, the basic child support obligation is $850. The trial court then added the amount of Joshua's private school, $250, to this basic child support obligation, for a total of $1100. Trahan is only responsible for 33.3% of this amount, therefore his child support obligation, as originally calculated, was $363. We added $215 (the amount of Lilly's private school) to the $1100 basic child support obligation calculated by the trial court, for a total of $1315. Trahan is responsible for 33.3% of this amount, or $437.90 per month.