# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 04-25

**MICHAEL WAYNE BASILE**

**VERSUS**

**REBECCA ELIZABETH BOMBET BASILE**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 97-C-3283-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GLENN B. GREMILLION
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Glenn B. Gremillion and
\*John B. Scofield, Judges.

**\*Honorable John B. Scofield participated in this decision by appointment of the
Louisiana Supreme Court as *Judge Pro Tempore*.**

> **REVERSED IN PART AND
> AFFIRMED IN PART.**

**Charles E. Soileau**
**Bertrand & Soileau**
**P. O. Box 5**
**Rayne, LA 70578-0005**
**(337) 334-2139**
**Counsel for Plaintiff/Appellant**
    **Michael Wayne Basile**

**Michael Brent Hicks**
**McGlinchey, Stafford, PLLC**
**One American Place, 9th Floor**
**Baton Rouge, LA 70825**
**(225) 383-9000**
**Counsel for Intervenor/Appellee**
    **Cumberland Academy**
    **d/b/a Gables Academy, Inc.**

**J. Christopher Alexander, Esq.**
**P. O. Box 83101**
**Baton Rouge, LA 70884**
**(225) 926-2828**
**Counsel for Defendant/Appellee**
    **Rebecca Elizabeth Bombet Basile**

GREMILLION, Judge.

In this case, the defendant-appellant, Michael Wayne Basile, appeals the trial court's judgment ordering him to pay the intervenor, Cumberland Academy d/b/a Gables Academy, $14,000 for past educational expenses, and $838 in child support per month to the plaintiff, Rebecca Elizabeth Bombet Basile, pursuant to La.R.S. 9:315.22 (C). For the following reasons, we reverse in part and affirm in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Rebecca and Michael were married in June 1983, and their only child, Emily, was born in May 1985. Michael filed for divorce in August 1997, and the divorce was granted in March 1998. In November 1998, Rebecca filed a rule for modification of child support, citing material changes in circumstance. Rebecca then filed a rule for contempt of court, attorney's fees, and rental value, claiming that Michael was not paying school tuition as agreed upon in a February 1998 joint stipulation. In February 2000, Michael filed a motion and order to reduce child support. Following a hearing, the trial court reduced the monthly child support and maintenance sum from $1,100 to $838; the reduction representing Michael's former share of Emily's private school tuition.

In December 2002, Rebecca filed a motion to determine and make past due support executory and for expedited hearing and costs claiming that Michael had not made a child support payment since March 2002. Michael answered claiming that Rebecca unilaterally moved Emily to a psychiatric boarding school in Georgia called Gables Academy, which charges a yearly tuition of $36,000. Michael claimed that the February 2, 2000 child support order was still in effect and did not extend to

1

placement at this new school. Following a hearing in January 22, 2003, the trial court issued a judgment in April 2003, in favor of Rebecca ordering Michael to pay child support arrearages in the amount of $8,382, subject to a credit of $2,240.43 (for a total owed of $6,141.57).

In June 2003, Rebecca filed a petition to enforce child support and for arrearages and a rule for contempt. Rebecca claimed that Michael ceased paying child support when Emily turned eighteen on May 7, 2003. Rebecca claimed that, pursuant to La.R.S. 9:315.22(C), Michael was obligated to continue paying support. Michael answered urging that Emily was not enrolled in an accredited high school or technical school and that he was justified in discontinuing child support payments pursuant to La.R.S. 9:315.22(A). In August 2003, Gables Academy filed an Intervention claiming that Rebecca and Michael failed to pay $41,825.71 in tuition for Emily while she attended Gables Academy from January 2002 to April 2003. Gables Academy prayed that Michael pay it directly for its extraordinary services pursuant to La.R.S. 9:315.6 and 9:315.8

Following a trial held in April, July, and August 2003, the trial court issued its judgment and ordered that the child support obligation, in the amount of $838 per month, continue until Emily attained the age of nineteen. The trial court also ordered Michael to pay one-half of the $28,000 tuition due for the past year directly to Gables Academy.

Michael, thereafter, filed a motion for new trial, which was denied. Michael now appeals.

2

Michael assigns as error:

1.  The trial court's award of child support payments to Rebecca for the period of twelve months after Emily turned eighteen.

2.  The trial court's award of $14,000 to Gables Academy for past educational expenses.

3.  Alternatively, the trial court failed to give him credit, against he lump sum award, for the amounts of monthly child support payments made by him to Rebecca for Emily's benefit.

4.  The trial court's allowing an evaluation report of Dr. John Bolter into evidence over his objection.

Gables Academy also filed a brief urging that the trial court's ruling ordering Michael to pay it $14,000 was not erroneous.

## LA.R.S. 9:315.22

Louisiana Revised Statutes 9:315.22 states (emphasis added):

A.  When there is a child support award in a specific amount per child, the award for each child shall terminate *automatically* without any action by the obligor upon each child's attaining the age of majority, or upon emancipation relieving the child of the disabilities attached to minority.

    . . . .

C.  An award of child support continues with respect to any unmarried child who attains the age of majority or to a child who is emancipated relieving the child of the disabilities attached to minority. As long as the child is a *full-time student in good standing in a secondary school, has not attained the age of nineteen*, and is dependent upon either parent. Either the primary domiciliary parent or the major or emancipated child is the proper party to enforce an award of child support pursuant to this Subsection.

3

Michael urges that Rebecca failed to prove that Emily was a "full-time student in good standing." Emily attained the age of eighteen on May 7, 2003. She began the "Edge" program administered by Gables Academy, although approximately eighty miles from the Gables Academy school, in January 2002, and graduated from that program on April 19, 2003. The "Edge" program is a "wilderness type experience." Rebecca testified that the actual cost was $36,000 for twelve months of attendance, but that Emily's program extended approximately four months for a grand total of $42,000. Rebecca testified that she paid $11,666 in tuition for the school year of 2002, and borrowed $14,000, leaving $28,000 owed for the first year of attendance. Rebecca testified that the amount she paid was 32% because that is what she "was told to pay according to what we had done in a previous court hearing here."

Rebecca testified that Emily began her second year in the "Next Step" program on April 19, 2003, upon graduating from the "Edge" program. She testified that the 2003 tuition would be $39,000 and that she was paying her portion by working there for free. Emily then moved on to a program at Shepherd's Hill Farm, which Rebecca testified has provisional accreditation with the state of Georgia. Rebecca also works at Shepherd's Hill Farm as a nurse and therapist for the children and families attending the program. Rebecca testified that, at the Shepherd's Hill program, Emily attended school from 8:00 a.m. to 2:00 p.m. and was instructed by one teacher. She stated that each child is on his or her "own level." After the school day ends, the students perform chores, attend group meetings, and bible studies. Rebecca testified that Trace Embry and his wife, Beth Embry, run the program, but neither has a college degree. However, she testified that the teacher, Steven McGiver, is Board

4

Certified in the State of Georgia. Rebecca stated that there are nine kids in this program and the kids live in the woods. She said that they build their own cabins and have no electricity or water. She testified that McGiver teaches all nine kids who are at different levels. She stated that they live in "survival mode," but that the tuition includes food. She stated that Emily does not live with her at all while attending the program. Rebecca further testified that Emily should graduate from high school in May 2004.

On cross-examination, Rebecca testified that Gables Academy is no longer affiliated with the "Edge" program or the "Shepherd's Hill Farm" program, partially due to financial problems. Rebecca explained that the "Edge" program was owned by Gables, but placed on Shepherd's Hill Farm property and run by Shepherd's Hill Farm staff. Rebecca also testified that Emily is currently looking into attending a private school whose tuition is $250 a month.

Michael testified that, due to the hostile nature of his relationship with Rebecca, he does not have any input into the educational decisions she makes and that basically, he is only informed of the changes in Emily's education, after the fact. He testified that he did not consent to Emily's placement at Shepherd's Hill Farm or Gables Academy and that he never agreed to be bound for the tuition.

Emily testified that she wants to leave the school and move back to Baton Rouge. She stated that she wanted to stay with her dad for a while, but wasn't sure if she wanted to live there permanently.

On the second day of trial, Emily testified that she did not wish to return

5

to Shepherd's Hill Farm or the State of Georgia. She stated that she wants to live with her father, but did not say anything before because she was afraid she would hurt her mother's feelings.

The trial court found that the child support obligation of $838 would continue until Emily turned nineteen, because she was a full-time student in good standing at a secondary school who had not yet attained the age of nineteen. Having reviewed the evidence, we find no error in the trial court's finding. Emily was enrolled in the "Edge" program and was being instructed by a board certified teacher. There is some issue as to whether she was a student "in good standing," as Rebecca did not enter any school transcripts into evidence; however, the testimony from Emily and her mother is that she did well in the program. Nevertheless, it should be reiterated that the child support obligation is only for the $838 originally ordered by the trial court for as long as Emily remains a full-time student in good standing, until she attains the age of nineteen, otherwise the child support obligation automatically terminates.

### LA.R.S. 9:315.6

La.R.S. 9:315.6 states:

By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:

(1) Expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child.

As an appellate court, we will not disturb the trial court's findings

6

regarding child support issues absent an abuse of discretion. *Dempsey v. Stevens*, 611 So.2d 815 (La.App. 3 Cir. 1992). At the discretion of the trial court, school tuition payments may be made part of the child support obligation. *Id.* In this case, the trial court gave no reasons for ordering Michael to pay $14,000 of the previous school year's tuition. In fact, the trial court specifically stated that Gables Academy is "extremely expensive and may not be in the best interest of Emily." The issue at hand is whether Rebecca met the burden of proving that attendance at Gables Academy was necessary to meet Emily's particular needs. We find that it was not and, accordingly, reverse the trial court's ruling that Michael owes Gables Academy $14,000.

Michael testified that he never agreed to be bound for half of the tuition at Gables Academy. He further testified that he received a contract in the mail which he never signed or returned. It is further undisputed that Rebecca chose the school and that Michael had no input regarding that decision. While a psychologist testified that Emily needed a structured program to meet her needs, the psychologist did not state that Emily needed to attend a $36,000 a year wilderness experience. Clearly, Rebecca and Michael did not agree that these extraordinarily high educational expenses would be added to the basic child support obligation.

We also find the trial court abused its discretion in burdening Michael with half of the obligation owed to Gables. While the trial court may order extraordinary expenses to meet the needs of the child, the mover has the burden of proving that a particular educational need exists and is being met by attendance at the particular school. *See Bertrand v. Bertrand,* 637 So.2d 531 (La.App. 1 Cir. 1993). We find Rebecca failed to do so. The testimony is clear that Emily is a very bright child

7

who was suffering emotional problems, but there is no proof that living in handmade cabins with no running water or electricity, at a cost of $36,000 per year, met her extraordinary educational needs.  Accordingly, Michael is not obligated to pay the $14,000 lump sum for past tuition to Gables Academy.  The trial court's ruling in this regard is reversed.

## EVIDENCE

Michael urges that the trial court erred in allowing an evaluation report of a psychologist into evidence.  Based on our above findings, this issue is rendered moot.  Even considering the evidence, we still find that Rebecca failed to meet her burden of proving that attendance at the Gables programs was required to meet Emily's educational needs.

## CONCLUSION

The judgment of the trial court ordering the defendant-appellant, Michael Wayne Basile, to pay $14,000 directly to Gables Academy is hereby reversed. All other findings are affirmed.  The costs of this appeal are assessed equally to Michael and Rebecca.

## REVERSED IN PART AND AFFIRMED IN PART.