**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3352-16T1

DARIA FANELLI,
f/k/a HNATOWSKI,

    Plaintiff-Respondent,

v.

KENNETH HNATOWSKI,

    Defendant-Appellant.

_____

Submitted May 7, 2018 — Decided August 17, 2018

Before Judges Accurso and O'Connor.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Union
County, Docket No. FM-20-0043-05.

Wolkstein, Von Ellen & Brown, LLC, attorneys
for appellant (Jamie K. Von Ellen, of
counsel; Marisa Lepore Hovanec and Stephanie
R. Carney, on the briefs).

Ruvolo Law Group, LLC, attorneys for
respondent (Melissa M. Ruvolo, of counsel;
Ruth Kim, on the brief).

PER CURIAM

    Plaintiff Daria Fanelli and defendant Kenneth Hnatowski are

the parents of two children, presently fifteen and sixteen years

of age. The parties divorced in 2005 and plaintiff has been the primary caretaker since. According to the parties' property settlement agreement (PSA), which they entered before the oldest child started elementary school, the parties agreed to "equally (50/50) divide . . . school cost[s] after consultation with the other. College will abide the event." Both children have attended private parochial school since kindergarten.

Plaintiff paid the children's school tuition without contribution from defendant through the fall of 2016, when she filed a motion seeking, among other things, an order compelling defendant to commence contributing toward the children's private school tuition costs in proportion to the parties' respective incomes or, in the alternative, that he pay fifty percent of the children's tuition "in accordance with . . . the parties' Property Settlement Agreement."

Defendant opposed the motion, contending the term "school cost[s]" in the PSA does not include the cost of private school tuition, and that plaintiff neither obtained his consent nor consulted with him before enrolling the children in private school. Defendant also filed a cross-motion seeking, among other things, an order permitting him to claim both children as an exemption for tax year 2016.

2

On March 1, 2017, the court entered an order directing that defendant pay fifty percent of the children's private school tuition, effective December 31, 2016, and permitting him to claim both children as exemptions for tax year 2016. Two days later, the court entered an amended order on March 3, 2017 denying defendant the latter relief. Defendant challenges these two orders.[1] We affirm.

On appeal, defendant contends there are questions of fact requiring a plenary hearing on whether the term "school cost[s]" includes tuition, and whether plaintiff consulted with him before enrolling the children in private school. Defendant notes that even if the term "school cost[s]" includes tuition, plaintiff is equitably estopped from seeking defendant's contribution toward this expense because she failed to do so for nine years.

---

[1] In fact defendant's notice of appeal states he is appealing from the March 1, 2017 order and does not mention the March 3, 2017 order. However, defendant clearly intended to appeal from the March 3, 2017 order as well, which amended the March 1, 2017 order. Further, both parties briefed the one issue arising out of the March 3, 2017 order, which obviously is closely intertwined with — and in fact amends — the March 1, 2017 order. Under these unique circumstances, although not referenced in defendant's notice of appeal, we consider defendant's challenge to the March 3 in addition to the March 1, 2017 order.

A-3352-16T1

Defendant further contends that, if the doctrine of equitable estoppel is unavailing to him and the term "school cost[s]" does <u>not</u> include private school tuition, the trial court is obligated to consider the factors in <u>Hoefers v. Jones</u>, 288 N.J. Super. 590, 611-12 (Ch. Div. 1994), <u>aff'd</u>, 288 N.J. Super. 478 (App. Div. 1996), to determine if he is required to contribute to the children's tuition for private school.[2] Finally, defendant argues the court erred when it denied his request he be permitted to claim the children as exemptions for tax year 2016.

---

[2] These factors are: (1) the ability of the secondary caretaker to pay; (2) the past attendance of one or both parents at that or a similar private school; (3) whether the child was attending private school pre or post divorce; (4) the prior agreement of the secondary caretaker to pay for private school; (5) the religious background of the parties and the child; (6) whether the special educational, psychological or special needs of child are met by the private school; (7) whether it is in the child's best interest to attend, or to continue to attend, private school; (8) whether a court order or an agreement of the parties grants the right of school choice upon the primary caretaker; (9) whether the action of the primary caretaker to enroll the child was reasonable under the circumstances; (10) whether private school tuition is permitted or authorized under the law; (11) the child's ability to respond and prosper from such an educational experience; (12) the secondary caretaker's involvement in the child's education; (13) the degree of the primary caretaker's involvement in the child's education; and (14) whether the primary caretaker's views and desires are consistent with past practices regarding private school education. <u>Hoefers</u>, 288 N.J. Super. at 611-12 (first citing <u>Dempsey v. Stevens</u>, 611 So. 2d 815 (La. Ct. App. 1992); then citing <u>Margolin v. Margolin</u>, 796 S.W.2d 38 (Mo. Ct. App. 1990); and then citing <u>In re Marriage of Alexander</u>, 173 Ill. Dec. 456, 596 N.E.2d 1335 (1992)).

4

On the tuition issue, the trial court determined the term "school cost[s]" is clear and unambiguous and thus includes the cost of private school tuition.  The court stated:

> Giving deference to the plain meaning of the parties' PSA, the court finds that the PSA is not ambiguous as "school costs" strictly construed means exactly that:  the costs associated with school[,] meaning all school costs for the children including school tuition.

To buttress its conclusion, the court referenced other parts of the PSA it regarded as supportive of its determination that the term "school cost" includes tuition.  We deem it unnecessary to recite these additional findings because the language under review is clear.  Although free to do so, nonetheless, the trial court was not required to look to other provisions in the agreement to fortify its finding on this point.

"Settlement of disputes, including matrimonial disputes, is encouraged and highly valued in our system."  Quinn v. Quinn, 225 N.J. 34, 44 (2016).  "Therefore, 'fair and definitive arrangements arrived at by mutual consent should not be unnecessarily or lightly disturbed.'"  Id. at 44-45 (quoting Konzelman v. Konzelman, 158 N.J. 185, 193-94 (1999)).  "An agreement that resolves a matrimonial dispute is no less a contract than an agreement to resolve a business dispute" and

5

"is governed by basic contract principles." <u>Quinn</u>, 225 N.J. at 45.

A court should not "rewrite or revise an agreement when the intent of the parties is clear." <u>Ibid.</u> "Thus, when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result." <u>Ibid.</u> Whether a contract term is clear or ambiguous is a question of law. <u>Nester v. O'Donnell</u>, 301 N.J. Super. 198, 210 (App. Div. 1997).

Here, for the reasons expressed by the trial court, we find no reason to disturb its determination that the term "school cost[s]" includes tuition. The term is unambiguous and there is no indication in the PSA the parties intended the word "cost" to be limited to only certain, unexpressed expenses that do not include tuition. Because the language is clear and unequivocal, the court must enforce the agreement as written. <u>See</u> <u>ibid.</u>

On the question of whether plaintiff consulted with defendant before enrolling the children in private school, the trial court determined defendant's failure to object to the children's attendance in private school over nine years operated as implicit consent. If defendant consented, then plaintiff's failure to have consulted with him is inconsequential.

6

In our view, the question whether plaintiff consulted with or obtained defendant's consent before enrolling the children in private school over the nine years before she filed her motion is irrelevant. In her motion plaintiff did not request that defendant reimburse her for the tuition she previously paid on the children's behalf. She requested that defendant contribute toward tuition going forward and, significantly, in his cross-motion, defendant did not seek an order compelling the children to attend public school.

Finally, we have no quarrel with the court's decision to deny defendant his request to claim both children as an exemption on his 2016 income tax return. The PSA stated both parties were each permitted to claim one child as an exemption in the event plaintiff earns over $20,000 per year. It is not disputed plaintiff has been earning over $20,000 and each party has been claiming one child as an exemption for many years, but for 2015, when defendant permitted plaintiff to take an exemption for both children.

To the extent we have not explicitly addressed an argument advanced by defendant, it is because it was without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7