628 So.2d 1304 (1993)
Dorothy Lamar Broussard JONES, Plaintiff-Appellee,
v.
Daniel Edwin JONES, Defendant-Appellant.
No. 92-1345.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
*1305 Leon Elzear Roy III, New Iberia, for Dorothy Lamar Broussard Jones.
Daniel M. Landry III, Lafayette, for Daniel Edwin Jones.
Before DOMENGEAUX, C.J., and STOKER and THIBODEAUX, JJ.
THIBODEAUX, Judge.
Defendant, Daniel Edwin Jones, appeals a judgment of child support in favor of his former wife, Dorothy Lamar Broussard Jones, in the amount of $1,100.60 per month for the support of two minor children. For the following reasons we amend the judgment, reducing the support obligation to $1,034.00 to correct a calculation error and ordering Mr. Jones to file the proper tax exemption forms with the Internal Revenue Service, and we affirm.
ISSUES
(1) Whether the trial court erred in excluding certain income of Mrs. Jones from the "gross income" calculations required by the child support guidelines.
(2) Whether Mrs. Jones provided sufficient proof of her income.
(3) Whether the cost of private school should be included in the child support obligation.
(4) Whether travel expenses should have been factored into the calculation of the support obligation.
(5) Whether the child care costs were properly calculated.
(6) Whether Mr. Jones should be awarded the federal income tax exemption for both children.

FACTS
The facts are mostly undisputed. Mr. and Mrs. Jones were married on October 20, 1979. Two children were born of the marriage: Christopher, presently twelve years old, and Jeremy, presently seven. The couple divorced on May 12, 1992. Custody and visitation rights were agreed to by the parties, with Mrs. Jones being determined the custodial parent. The issue of child support was reserved for a later hearing date. The hearing was held on June 25, 1992.
The trial court followed the guidelines and determined that Mr. Jones owed support totalling *1306 $1,100.60. He further ordered that Mr. Jones be allowed the federal tax exemption for Jeremy and Mrs. Jones be allowed the exemption for Christopher. From this ruling, Mr. Jones appealed.

LAW & ANALYSIS

Issue I
This issue arises because the trial court excluded, from the calculation of Mrs. Jones's gross income, $2,929.00, accumulated from interest, dividends, capital gains and partnership income. Her 1991 income tax return shows she was taxed on this amount. This income was derived from an estate planning agreement created by her parents. While the money is income upon which she is taxed, it is not money to which she has access.
La.R.S. 9:315(4)(a) defines "gross income" as:
The income from any source, including but not limited to salaries, ... dividends, ... interest, ... capital gains, ...[.]
Mr. Jones argues that the statute mandates this income be included. Mrs. Jones argues that the trial court has the discretion to exclude this income from the calculation provided he gives written or oral reasons for doing so.
La.R.S. 9:315.1(B) specifically states that "[t]he court may deviate from the guidelines... if their application would not be in the best interest of the [children] or would be inequitable to the parties." The statute requires the court to give specific reasons for deviation, including the facts and circumstances that warranted it.
The trial court determined the amount of "income" Mrs. Jones received from the estate planning agreement, $2,929.00. He then clearly stated in his well written reasons for judgment that because she could not actually utilize the money, he would not consider it as part of the final adjusted income calculation.
We find this conclusion to be equitable and logical. To include as "income" money that Mrs. Jones could not use in fact to support her children would be contradictory to the purpose of the guidelines. While the money may be described as "income," in this instance, the description is a legal fiction that is of no practical use to the children. The trial court was correct in excluding it from the calculation.

Issue II
Mr. Jones claims Mrs. Jones failed to provide sufficient proof of income. He argues that La.R.S. 9:315.2(A) requires each party to provide the court with verified income statements, recent income tax returns and proof of current earnings by producing a current pay stub. The record reveals that Mrs. Jones did provide the court with both a verified income statement and her most recent income tax return. No pay stub was introduced.
Mrs. Jones testified that she had no pay or check stubs because her employer did not issue them with the paychecks. Counsel for Mrs. Jones was prepared to introduce a signed, sworn statement of her income from her employer but counsel for Mr. Jones objected. The objection was based on the fact that her employer should testify in person as to her income. The objection was sustained. However, the trial court believed Mrs. Jones had no check stubs to produce and calculated her income based on her income statement, tax return and testimony in court regarding her income.
The argument Mr. Jones offers is difficult to discern. He objected to the admission of the sworn statement of current income, which was sustained, but offers no law regarding why such evidence should be excluded. The statute deems "employer statements" sufficient evidence. It does not mandate these statements be made in open court. Moreover, the statute is illustrative. It states that "suitable documentation ... shall include but not be limited to pay stubs [and] employer statements ..."
If there is error, the error was in exclusion of the sworn statement of Mrs. Jones's employer. *1307 Nevertheless, even given the excluded statement, there was ample evidence to prove her current income.

Issue III
In this issue, Mr. Jones contests the trial court's order that his children attend private school and the inclusion of tuition costs in the final support obligation. He contends that the trial court inappropriately implemented its own educational philosophy in finding that the children's educational needs were best filled in a catholic school.
La.R.S. 9:315.6 states in part that "[b]y agreement of the parties or order of the court" the expense of a special or private school may be added to the basic child support obligation "... to meet the particular educational needs of the [children]." The record reveals that Christopher, at the time of the trial, had been attending private school for three years and Jeremy was attending a private pre-school. Furthermore, Mr. Jones admitted in court that he would prefer his children to attend private school if he could afford it.
The trial court obviously decided that Mr. Jones could indeed afford to send the children to private school. While the trial court did state that he felt private school would provide a better educational environment for the children, his statements merely reflected the obvious attitude of the parents. The trial court did not abuse its discretion in including this expense.

Issue IV
This issue concerns the trial court's failure to consider travel expenses when calculating the child support obligation. Mr. Jones argues that, because he has moved to New Orleans, he is entitled to credit for the expense of picking up and returning the children. He cites La.R.S. 9:315.6(2), which permits the trial court to add expenses incurred for the "... transportation of the [children] from one party to the other."
The trial court did not consider this matter one way or the other. No evidence was introduced at the hearing to show what, if any, travel expenses Mr. Jones incurred. Moreover, it seems the statute permits the addition of travel expenses to the child support obligation but it does not appear to allow reduction of the obligation due to these same expenses. It contemplates a situation, we feel, where the domiciliary parent is responsible for transporting the children to the non-domiciliary parent for visitation purposes. Why, in this instance, should Mr. Jones be paid for exercising his parental visitation rights? In any event, there is no evidence that an addition or credit is warranted. The trial court did not abuse its discretion.

Issue V
Mr. Jones appeals the assessment of $196.00 as child care costs. La.R.S. 9:315.3 mandates the trial court add net child care costs to the basic child support obligation. Mr. Jones claimed that the net child care costs in this instance should be $125.00 per month as stated in Mrs. Jones's financial declaration. The trial judge calculated child care costs of $196.00 per month.
Our review of the record reveals an error in calculation by the trial court. This specific calculation error was not raised on appeal, but in the interest of justice and the power granted this court under La.C.Civ.P. art. 2164, we will correct the mistake.
In calculating the net child care costs, the trial court found that $80.00 a month is required when the children are in school and $300.00 per month is necessary when they are out of school. He then made the following calculation: $80.00 × 3 = $240.00; and $300.00 × 9 = $2,700.00. He determined that this amounted to $2,940.00 annually, or $245.00 monthly, less $49.00 as a federal income tax credit, which brings the final monthly net child care total to $196.00. Obviously, the trial court transposed the numbers representing the months in school and the months out of school. Also, he utilized the incorrect figures of $80.00 and $300.00. The correct monthly figures should be $40.00 and $320.00. The correct calculation should *1308 have been: $40.00 × 9 months of school = $360.00; and $320.00 × 3 months of summer vacation = $960.00. That equals a yearly child care total of $1,320.00, or $110.00 per month. When this is reduced by the twenty percent federal income tax credit, the net monthly child care cost is $88.00.
Consequently, we conclude that the trial court erred in calculating the net child care cost. We find the monthly child care cost to be $88.00 and will amend the judgment of child support to reflect the correction.

Issue VI
The last issue concerns the trial court's assessment of federal income tax exemptions. La.R.S. 315.13 states the child support obligation schedule presumes that the domiciliary or custodial parent has the right to the exemption. It qualifies this by stating that exemptions "shall be as provided by the Internal Revenue Code."
La.C.C. art. 131(A)(1)(c)(ii) provides:
... [A] provision for child support shall consider the impact of any dependency exemption granted to a parent by provisions of any revenue law and shall allocate such exemption to either parent.
* * * * * *
In Boudreau v. Boudreau, 563 So.2d 1244 (La.App. 1st Cir.1990), the court held that La.C.C. art. 146 (since redesignated as art. 131) grants the trial court discretion in allocating dependency exemptions. It further held that if the exemption is granted to the non-custodial parent, that parent must submit the appropriate form to the Internal Revenue Service indicating the change of its duration.
Presently, the trial court divided the exemption between the parties. It was not required to allow Mr. Jones any exemption. In its discretion, the trial court did the equitable thing. As no authority has been cited to prove otherwise, we cannot say that the trial court's actions were in error. However, the judgment does not order Mr. Jones to file the appropriate form with the IRS, and to the extent that this is lacking, the judgment will be amended.

RECALCULATION OF SUPPORT
Considering the error in child care calculation, we recalculate the child support obligation as such:

Basic monthly obligation .. $1,175.00
Epiphany Day School ....... $ 237.50
Catholic High School ...... $ 166.66
Child care ................ $ 88.00
 _________
 TOTAL $1,667.16
Mr. Jones's portion (62%) $1,034.00
Mrs. Jones's portion (38%) $ 634.00

CONCLUSION
For the foregoing reasons, we hereby amend the child support judgment of the trial court and reduce the obligation of Daniel Edwin Jones to $1,034.00 per month, due from the date of this decree. The payments will be made to Dorothy Lamar Broussard Jones for the maintenance and support of the minor children and shall be due and payable in the amount of $517.00 on the sixth and twenty-third day of each month, as per the original judgment. Furthermore, Edwin Jones is hereby ordered to file the necessary forms with the Internal Revenue Service indicating the exemption in his favor for the minor child, Jeremy. The judgment is otherwise affirmed. The parties will share the costs of this appeal.
AMENDED AND AFFIRMED.