801 So.2d 1116 (2001)
Terie BROWN
v.
Kenneth Jude BROWN.
No. 01-0157.
Court of Appeal of Louisiana, Third Circuit.
September 12, 2001.
*1118 Daniel M. Landry, III, Attorney at Law, Lafayette, LA, Counsel for Plaintiff/Appellee, Terie Brown.
Kenneth R. Martinez, Attorney at Law, Opelousas, LA, Counsel for Defendant/Appellant, Kenneth Jude Brown.
Court composed of HENRY L. YELVERTON, SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD, JIMMIE C. PETERS, and GLENN B. GREMILLION, Judges.
PETERS, Judge.
Kenneth Jude Brown appeals a judgment of the trial court granting his former wife, Terie Brown, sole custody of the minor child born of their marriage; reducing his visitation privileges; and increasing his child support obligation. Finding some merit in Mr. Brown's assignments of error, we reverse the trial court's grant of sole custody to Mrs. Brown, remand the case for clarification of the judgment regarding visitation, and affirm the judgment in all other respects.

DISCUSSION OF THE RECORD
Kenneth Jude Brown and Terie Brown were married on August 5, 1989. The marriage produced only one child, Joseph Kodi Brown, born on November 9, 1995. On April 19, 1999, Mrs. Brown filed a petition seeking a divorce, spousal and child support, a property division, and injunctive relief. After participating in a hearing officer conference, the parties resolved the issues raised in this initial stage of the litigation by entering into a stipulated judgment on January 10, 2000. This judgment, among other things, granted Mrs. Brown a divorce, approved a joint custody implementation plan in which Mrs. Brown was named domiciliary custodian, and ordered Mr. Brown to pay $291.00 per month as child support.
After the trial court rendered the January 10 judgment, Mr. Brown obtained employment in Gadsden, Alabama, and relocated there. Based on this change in Mr. Brown's domicile, on July 10, 2000, Mrs. Brown filed pleadings seeking, among other relief, sole custody of Kodi, an increase in child support, and modification of the joint custody plan's visitation schedule.
The trial court issued an order on July 12, 2000, scheduling a trial for September 14, 2000. On the same day, by separate order, the trial court ordered the parties to participate in an August 24, 2000 settlement conference with the trial court's hearing officer. Before the settlement conference could be held, Mr. Brown's attorney withdrew as his attorney of record.
Both Mr. and Mrs. Brown as well as Mrs. Brown's attorney attended the August 24 conference, which proved unsuccessful in resolving the disputes. Thus, the matter went to trial as scheduled on September 14, 2000.
Mr. Brown did not appear at trial, although he communicated with the trial court on the morning of trial. After considering the evidence presented, the trial court rendered judgment awarding Mrs. Brown sole custody of Kodi, modifying Mr. Brown's visitation by limiting it to the third weekend of every month from 5:00 p.m. on Friday until 5:00 p.m. on Sunday, increasing Mr. Brown's monthly child support obligation to $424.00, ordering Mr. Brown to maintain dental and medical insurance *1119 on Kodi, ordering a percentage division of all medical and dental expenses not covered by insurance, and ordering that an immediate income assignment order issue to Mr. Brown's employer. The trial court signed a written judgment to this effect on September 25, 2000. Thereafter, Mr. Brown, through his new attorney, filed a motion for new trial and a request to remand the matter to the hearing officer. The trial court denied the motion and request without hearing. Mr. Brown has appealed, asserting four assignments of error.

OPINION
In his appeal, Mr. Brown asserts that the trial court erred in not granting him a continuance of the September 14, 2000 trial, in granting his former wife sole custody of Kodi, in reducing his visitation privileges, and in not considering his travel expenses when calculating the amount of his child support obligation.

Assignment of Error Number One.
Before the September 14 trial began, the trial court participated in an inchambers telephone conversation with Mr. Brown in the presence of Mrs. Brown and her attorney. Upon returning to court, the trial court commented on the record that it had participated in the conference at the insistence of Mrs. Brown's attorney. The trial court further stated that during the telephone conference Mr. Brown acknowledged participating in the hearing officer conference and admitted he was aware of the trial setting. The trial court further stated that Mr. Brown voiced his objections to the hearing officer's recommendation of support as well as Mrs. Brown's request for sole custody of Kodi. According to the trial court, when asked why he was not present for trial, Mr. Brown responded by stating that he thought he could "work it out on the phone with [Mrs. Brown's attorney] ... and he had been expecting a call from [the attorney]."
Mr. Brown faxed a handwritten statement to the trial court at 11:37 a.m. on the morning of trial, which read as follows:
Judge Cox,
I would have been in Court this morning, but I was told by [Mrs. Brown's attorney] that this could be handled by phone. Also, it was my understanding that joint custody would be maintained after the meeting with [the hearing officer] on August 24, 2000. I don't feel that Terie should be awarded sole custody when I love and care for Kodi just as much as she does. Especially, when she tries to stop taking her seizure medication on her own. This past Friday she had a seizure and had to go to the hospital. My mother went get [sic] Kodi & took him to her house.
Judge Cox, I am no attorney and I do not know the law but I sincerely ask that this case be granted a continuance so that I can be there to deffend [sic] myself in this matter. There is no way for me to get to Court by 4:30 pm today. All flights are BOOKED.
If you or someone in your office could please call me regarding this it would be greatly appreciated. I trust that you will do the right thing regarding this matter.
 Sincerely
 Mr. Brown
The trial court construed this as a request for continuance and, in a subsequent telephone conference with Mr. Brown, informed him that it would not continue the trial but would move it to the end of the day's docket. When Mr. Brown failed to appear at the end of the day, the trial court proceeded with the trial.
*1120 In his first assignment of error, Mr. Brown asserts that the trial court erred in not granting him a continuance of the September 14 trial. In brief, he asserts that, after his attorney withdrew, he first verbally requested a continuance from the hearing officer, which was denied. He further asserts that he did not understand the procedural aspects of the trial court and that he believed Mrs. Brown had agreed to maintain the joint custody arrangement and to resolve the remaining issues by a telephone conference.
A continuance may be granted on either peremptory or discretionary grounds. In this case, the peremptory grounds of La.Code Civ.P. art. 1602 do not apply. However, the trial court has the discretion to grant a continuance "in any case if there is good ground therefor." La.Code Civ.P. art. 1601. In considering a continuance request:
The trial judge must consider the particular facts in each case in deciding whether to grant or deny a continuance. Some factors to consider are diligence, good faith and reasonable grounds. Equally important is the exceptor's corollary right to have his case heard as soon as is practicable. The trial judge may also weigh the condition of the court docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice.
Our Lady of the Lake Hosp. v. Vanner, 95-0754, pp. 3-4 (La.App. 1 Cir. 3/27/97), 692 So.2d 40, 42, writ denied, 97-1567 (La.9/26/97), 701 So.2d 992 (citations omitted).
Additionally, "[a] trial judge is vested with wide discretion in granting or denying a continuance under LSA C.C.P. art. 1601, and his ruling will not be disturbed on appeal in the absence of clear abuse." Id.
While the trial court did not state specifically why it denied the continuance request, we find no abuse of discretion in that decision. Mr. Brown had known about the September 14, 2000 trial setting for at least two months. He apparently communicated with his attorney immediately after becoming aware of the issues raised in Mrs. Brown's July 10, 2000 filing and was unable to reach a representation agreement. Mr. Brown's attorney filed a motion to withdraw as counsel of record on August 4, 2000, or more than one month before the trial date. Mr. Brown personally participated in the August 24, 2000 hearing officer conference, and, despite Mr. Brown's assertions to the contrary, the hearing officer's report reflects no understanding or agreement to settle the outstanding issues. Additionally, Mr. Brown's statement in brief that he requested a continuance from the hearing officer is not supported by the record. In fact, there is no evidence of any request. Furthermore, Mr. Brown has been involved in litigation with his former wife since April of 1999, when she filed her petition for divorce. During that time, he has been subjected to the procedural aspects of the court system.
Considering the record as a whole, we find no abuse of discretion in the trial court's denial of Mr. Brown's request for a continuance of the trial of September 14, 2000. Mr. Brown's request reflects a lack of diligence on his part, and Mrs. Brown was entitled to have her case considered as quickly as practicable, particularly because it relates to child custody and support. Thus, we find no merit in Mr. Brown's first assignment of error.

Assignment of Error Number Two.
In this assignment of error, Mr. Brown asserts that the trial court erred in granting Mrs. Brown sole custody of Kodi. We agree.
*1121 In Beard v. Beard, 599 So.2d 486, 488 (La.App. 3 Cir.1992), this court set forth the burden of proof in custody modification cases as follows:
In custody modification cases, when a party attempts to modify a "considered decree", he bears the heavy burden of proving that the continuation of present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
When no evidence is adduced at the district court level prior to the entry of the joint custody order which is sought to be modified, that joint custody decree is not a "considered decree" within the meaning of Bergeron, supra. In this situation, the heavy burden of proof is not applicable, but the moving party must still prove a material change in circumstances since the entry of the original decree and that the modification proposed is in the best interest of the child. McGee v. McGee, 552 So.2d 576 (La.App. 2d Cir.1989).
The original joint custody decree was not a considered decree, and, therefore, the Bergeron heavy burden was not applicable to Mrs. Brown. Still, she was required to prove that a material change in circumstances had occurred since rendition of the original joint custody decree and that awarding sole custody to her is in Kodi's best interest. Mrs. Brown's burden of proof was by clear and convincing evidence. See La.Civ.Code art. 132.
Only Mrs. Brown testified at trial. She testified that she has been Kodi's day-to-day care giver since the divorce, with little input from Mr. Brown. She alluded to communication problems with Mr. Brown but gave no specifics. Basically, other than an apparent communication problem, Mrs. Brown's assertion that she should be granted sole custody of Kodi is based on Mr. Brown's move to Alabama.
We do agree that Mr. Brown's out-of-state relocation does constitute a material change of circumstances. See Evans v. Lungrin, 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731; Warlick v. Warlick, 27,389 (La.App. 2 Cir. 9/29/95), 661 So.2d 706. However, the relocation to another state "should not, of itself, constitute a sufficient reason to terminate the joint legal custody arrangement." Evans, 708 So.2d at 739. The prior joint custody plan generally complies with La.R.S. 9:335 in that it addresses specific visitation privileges given to Mr. Brown and the particulars thereof, notification requirements of Kodi's extracurricular activities, sharing of school and health information, telephone communication between Mr. Brown and Kodi, the authority and responsibility of each parent in specified areas, and numerous other potential problem areas. "[W]ith the new decision-making rules and the ability of parents to communicate instantly when necessary by telephone or other means, the distance separating the parents assumes less importance in determining whether sole legal custody is a better custody arrangement than joint legal custody." Evans, 708 So.2d at 739. Nothing in Mrs. Brown's testimony suggests that these communication issues are unworkablejust that unspecified problems have arisen. Therefore, we do not find that Mrs. Brown has carried her burden in establishing that an award of sole custody to her is in Kodi's best interest. Accordingly, we reverse that portion of the trial court's judgment and reinstate the prior joint custody judgment.

Assignment of Error Number Three.
In this assignment, Mr. Brown asserts that the trial court erred in reducing *1122 his visitation privileges to only one weekend per month. The judgment on Mrs. Brown's rules provides: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that KENNETH JUDE BROWN, shall have visitation with the minor child on the 3rd weekend of every month commencing at 5:00 p.m. on the Friday of said week and concluding at 5:00 p.m. [sic] of the Sunday of that week." Prior to the judgment, Mr. Brown enjoyed visitation privileges every other weekend, two evenings during each week, Father's Day, Mr. Brown's birthday, three non-successive weeks in the summer, alternating holidays (including Mardi Gras, Easter, Memorial Day, Independence Day, Labor Day, Thanksgiving, Christmas, and New Year's), and other times mutually agreed upon by the parties. The judgment is silent about aspects of visitation other than the reduction of the weekly/monthly visitation to one weekend per month.
In his brief, Mr. Brown states that "[d]ue to [his] new employment in Alabama, and as a realistic practicality thereof, he does not object to a weekend visitation scheme of once a month." However, he asserts that "[t]he trial court ... appears to have canceled all other portions of the visitation schedule including holidays and summer vacation." Mrs. Brown has a different interpretation of the judgment. She asserts in her appellate brief: "Defendant-appellant asserts that the trial court appeared to have canceled all other portions of the visitation schedule including holidays and summer vacation. Clearly, this did not appear to be the ruling of the court...."
As a practical matter, it is not even clear what aspects of the visitation schedule Mrs. Brown sought through her rule to have modified such that we cannot determine specifically what was at issue before the court. In her rule to modify visitation, Mrs. Brown simply prayed that a rule issue ordering Mr. Brown to show cause why "[v]isitation should not be modified subject to and in accordance with a custody implementation plan to be presented to and approved by this Court...." However, the record contains no such custody implementation plan submitted by Mrs. Brown.
While the trial court clearly modified the weekly/monthly visitation to once a month, it is not clear whether it additionally intended to reject all other visitation as previously granted in the joint custody plan. Thus, we must remand to the trial court for the limited purpose of clarifying the judgment in that regard.

Assignment of Error Number Four.
In his final assignment of error, Mr. Brown does not object to the calculations used in increasing his child support obligation from $291.00 per month to $424.00 per month, or to any other support aspects of the judgment. Rather, he asserts that the trial court erred in failing to further reduce his monthly obligation by the travel expenses necessary because of his move to Alabama. In doing so, he relies on the holding in Gould v. Gould, 28,996 (La.App. 2 Cir. 1/24/97), 687 So.2d 685, in which the second circuit concluded that the trial court had not abused its discretion in considering the father's travel expenses in traveling from Kentucky to Louisiana to exercise his visitation privileges.
We find Gould distinguishable in that, unlike the case before us, the father presented evidence of his travel expenses. In Jones v. Jones, 628 So.2d 1304 (La.App. 3 Cir.1993), this circuit found no abuse of discretion in the trial court's failure to consider the father's travel expenses where he presented no evidence of the amount incurred. Additionally, this circuit stated:

*1123 [I]t seems [La.R.S. 9:315.6(2)] permits the addition of travel expenses to the child support obligation but it does not appear to allow reduction of the obligation due to these same expenses. It contemplates a situation, we feel, where the domiciliary parent is responsible for transporting the children to the non-domiciliary parent for visitation purposes. Why, in this instance, should [the father who moved] be paid for exercising his parental visitation rights?
Id. at 1307.
While application of La.R.S. 9:315.6(2) appears to provide for inconsistent relief depending on whether the custodial parent or non-custodial parent moves from the state, in the instant case, we need not revisit the parameters of the statute because the record contains no evidence of the amount of any travel expenses. Therefore, we find no merit in this assignment of error.

DISPOSITION
For the following reasons, we reverse that portion of the judgment granting sole custody of Joseph Kodi Brown to Terie Brown and reinstate the joint custody plan except for the visitation portion. We remand the case to the trial court for clarification of its ruling on visitation. In all other respects, we affirm the judgment, and we tax fifty percent of the costs of appeal to Terie Brown and fifty percent to Kenneth Jude Brown.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
BILLIE COLOMBARO WOODARD, J., dissents.
SYLVIA R. COOKS, J., dissents.