STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1461

JOSEPH TOUSSAINT

VERSUS

UNION TANK CAR COMPANY

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2,
PARISH OF RAPIDES, NO. 02-08703,
HONORABLE JASON OURSO
WORKERS' COMPENSATION JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Jimmie C. Peters, and Marc T. Amy, Judges.

AFFIRMED.

Janice H. Barber
The Janice Hebert Barber Law Corporation
313 North Church Street
Carencro, LA 70520
(337) 896-5420
COUNSEL FOR PLAINTIFF/APPELLANT:
    Joseph Toussaint

Stephen H. Vogt
Thibaut, Thibaut & Vogt, L.L.P.
Post Office Box 36
Baton Rouge, LA 70809
(225) 923-3200
COUNSEL FOR DEFENDANT/APPELLEE:
    Union Tank Car Company

PETERS, J.

## SUMMARY DISPOSITION

In this workers' compensation case, the only issue on appeal is whether the workers' compensation judge (WCJ) erred in failing to grant the claimant a continuance, which he requested on the day of trial, in connection with his late receipt of evidence which he sought to present regarding the issue of causation.

Specifically, Joseph Toussaint alleged that on November 30, 2001, during the course of his employment with Union Tank Car Company (Union), he sustained various injuries from a trip-and-fall accident as well as headaches from toulene exposure. Union did not pay any benefits to Toussaint, and the matter proceeded to trial on June 14, 2004.

At trial, Toussaint moved for a continuance on the basis that he had received a report on the afternoon before trial from a clinical psychologist who linked his headaches to the chemical exposure. He also sought to introduce the report into evidence. According to Toussaint, this report was the only piece of evidence that tied his headaches to the chemical exposure.

The WCJ denied Toussaint's request for a continuance and refused to admit the report. Following the trial on the merits of Toussaint's claim, the WCJ found that the only injury Toussaint sustained was "a limited accident of chemical inhalation," which the WCJ found produced "brief symptoms on that particular day." Thus, the WCJ awarded only medical expenses incurred on the date of the inhalation. The WCJ rejected the claim regarding other alleged injuries. Toussaint appeals only the denial of his motion for a continuance.

Office of Workers' Compensation Hearing Rule 6103(1) provides that "[c]ontinuances shall be as provided in Code of Civil Procedure Articles 1601, et

seq." Under the Louisiana Code of Civil Procedure, "[a] continuance may be granted on either peremptory or discretionary grounds." *Brown v. Brown*, 01-0157, p. 4 (La.App. 3 Cir. 9/12/01), 801 So.2d 1116, 1120. Louisiana Code of Civil Procedure Article 1602 provides for a continuance on peremptory grounds as follows: "A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance." Toussaint made no showing that he exercised due diligence and was still unable to obtain the report at issue in advance of trial.

Louisiana Code of Civil Procedure Article 1601 provides for a continuance on discretionary grounds as follows: "A continuance may be granted in any case if there is good ground therefor." In deciding whether to grant or deny a continuance, the WCJ must consider the particular facts in the case at issue. *Brown*, 801 So.2d 1116. Some of the factors to consider are diligence, good faith, and reasonable grounds as well as the exceptor's right to have his case heard as soon as is practicable, the condition of the court docket, fairness to the litigants, and the need for orderly and prompt administration of justice. *Id.* In granting or denying a continuance under La.Code Civ.P. art. 1601, the WCJ is vested with wide discretion, and we will not disturb his ruling in the absence of clear abuse of that discretion. *Id.*

In denying the motion for continuance and refusing to admit the report into evidence, the WCJ stated that the attempt to "spring a report up today, the day of trial, is a little bit too late." The WCJ noted that Toussaint's treatment with the psychologist began in September of 2003 and that he had been seen by the

2

psychologist on at least six occasions since that time. The WCJ also noted that the trial had already been continued during that time frame (at Toussaint's request). Additionally, the WCJ referenced his scheduling order, which had "been standing in this case for sometime," to the effect that a completed exhibit list was required to be filed at least one week prior to trial.

On appeal, in evaluating the WCJ's ruling, Toussaint would have us balance the "injustice" to him against the lack of prejudice to Union. Even assuming that there was no prejudice to Union and that the standard of evaluation proposed by Toussaint comported with the Louisiana Code of Civil Procedure, any injustice suffered by Toussaint was self-imposed. While Toussaint did not receive the report until the afternoon before trial, he had begun seeing the psychologist nine months before trial and thus had ample opportunity, well in advance of trial, to obtain a report as to the psychologist's findings. The record contains no evidence as to why Toussaint did not obtain the report during that nine-month period. Simply put, the record supports a glaring lack of diligent effort in obtaining the report, although not necessarily on the part of Toussaint's attorney, as well as a direct violation of the WCJ's scheduling order. The record does not support reasonable grounds for or good faith in the delay. Accordingly, we find no abuse of discretion in the WCJ's ruling, and, therefore, we will not disturb the WCJ's ruling.

### DISPOSITION

For the foregoing reasons, we affirm the judgment below and assess costs of this appeal to Joseph Toussaint.

### AFFIRMED.

We affirm the judgment below in accordance with Uniform Rules—Courts of Appeal, Rule 2-16.2(A)(5), (6), and (7).

3